
√2

**FILED**

NOV 2 3 2010

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOSHUA CONLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 3:10-CV-505 |
| | ) Varlan/Guyton |
| MIDLAND FUNDING LLC, | ) |
| MIDLAND CREDIT | ) |
| MANAGEMENT, INC., | ) Jury Trial Demanded |
| SUSAN RASMUSSEN, and | ) |
| HOSTO & BUCHAN, PLLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4. Plaintiff Joshua Conley (hereinafter "Plaintiff") is a natural person who resides in Sevier County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Midland Funding LLC (hereinafter "Defendant Midland") is a "alleged debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit limited liability company organized in Delaware, and may be served through its agent for service of process at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

6. Defendant Midland is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

7. On information and belief, Defendant Midland pays less than ten cents on the dollar for the debts it purchases.

8. On information and belief, Defendant Midland has made a business decision not to obtain a copy of the written contracts signed by consumers when purchasing the charged-off consumer debts.

9. Defendant Midland Credit Management, Inc. (hereinafter "Defendant MCM") is a "alleged debt collector" as that term is defined by 15 U.S.C. § 1692a(6), a for-profit corporation organized in Kansas, and a collection agency operating from an address of 16 McLeland Road, St. Cloud, MN 56303 and other locations, and may be served through its agent for service of process at Corporation Service Company, 200 S.W. 30th Street, Topeka, KS 66611.

10. Defendant Susan Rasmussen (hereinafter "Defendant Rasmussen") is a natural person who is employed by Defendant MCM as a collection agent and is a "alleged debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at her business address of 16 McLeland Road, Suite 101, St. Cloud, MN 56303, or her home address.

11. Defendant Hosto & Buchan, PLLC (hereinafter "Defendant Hosto") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit limited liability company organized in Arkansas, and may be served through its agent for service of process as follows: Bryan Hosto, 701 West 7th Street, Little Rock, AR 72201.

## FACTUAL ALLEGATIONS

12. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt originally owed to or serviced by GE Money Bank that is allegedly owed in the approximate amount of $4,479.49.

13. Sometime prior to April 7, 2010, Plaintiff's debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

### *Use of False, Deceptive and Misleading Warrant to Collect Debt*

14. Within one year prior to the filing of this Complaint, a Civil Warrant filed in the General Sessions Court of Sevier County, Tennessee was caused to be served on the Plaintiff by Defendants Midland, MCM, and Hosto.

15. The Civil Warrant was a "communication" as defined by 15 U.S.C. § 1692a(2) in connection with collection of the debt and in an attempt to collect the debt.

16. The Civil Warrant was prepared, filed and served by Defendant Hosto on behalf of Defendant Midland.

17. On August 10, 2010, Plaintiff filed a Sworn Denial in the state court collection lawsuit stating that he had not entered into any agreement with Defendant Midland for the repayment of debt or otherwise.

18. On or about November 4, 2010, Defendant Midland moved the Sevier County General Sessions Court to nonsuit the case.

19. Upon information and belief, the Civil Warrant was filed by Defendant Midland knowing it could not establish that Plaintiff owed the debt.

20. The Civil Warrant stated that the amount due on the debt was for "[a] money judgment of $4,479.49, plus cost of this cause by Due [sic] by sworn account . . . , with the principle [sic] balance of $3,599.77, accrued prejudgment interest in the amount of $159.77, accruing until the date of judgment at the contract rate of interest which is 6% per annum, reasonable attorney's fees in the amount of $719.95, all of which shall bear post-judgment interest at the rate of ten (10%) percent per annum beginning from the date of judgment." (underlines in original)

21. "[W]ithout a written contract signed by Defendant, . . . [Plaintiff] may not recover attorney's fees or a contract rate of interest." *Discover Bank v. Henson*, 2008 WL 5272530 at *3, December 18, 2008 (Tenn. Ct. App) (*perm. app. den.* Sup. Ct., June 15, 2009) (quoting, *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008) (*perm. app. den.* Sup. Ct., December 15, 2008)).

22. On information and belief, Defendants Midland, MCM and Hosto did not have a copy of the written contract signed by Plaintiff prior to the preparation, filing, and serving the Civil Warrant.

23. On information and belief, the amount of $4,479.49 represented by Defendants Midland, MCM and Hosto in the Civil Warrant as allegedly owed by Plaintiff included interest accrued at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts.

24. On information and belief, the amount of $4,479.49 represented by Defendants Midland, MCM and Hosto as owed by Plaintiff included principal which had not been correctly reduced due to misapplication of payments on the balance owed as a result of the addition of interest at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts.

25. On information and belief, the amount of $4,479.49 represented by Defendants Midland, MCM and Hosto as owed by Plaintiff included attorney fees in the amount of $719.95 which amount was not expressly authorized by the agreement creating the debt or permitted by law.

26. On information and belief, Defendants Midland, MCM and Hosto failed to review a copy of the written contract signed by Plaintiff prior to the filing the Civil Warrant to determine if Defendant Midland was entitled to the amount of debt claimed as owed in the Civil Warrant.

27. Defendant Midland's reliance on GE Money Bank or an assignee of GE Money Bank's as to the amount of debt allegedly owed by Plaintiff without reviewing a copy of the written contract signed by Plaintiff was unreasonable.

28. Defendant Hosto's reliance on Defendant Midland's as to the amount of debt allegedly owed by Plaintiff without reviewing a copy of the written contract signed by Plaintiff was unreasonable.

29. The Civil Warrant stated an amount due for principal, interest, and attorney fees which was not expressly authorized by the agreement creating the debt or permitted by law.

30. On information and belief, Defendant Midland did not maintain procedures reasonably adapted to avoid misrepresenting the amount of debt allegedly owed in the Civil Warrant.

31. On information and belief, Defendant Hosto did not maintain procedures reasonably adapted to avoid misrepresenting the amount of debt allegedly owed in the Civil Warrant.

32. By materially misrepresenting the amount of debt allegedly owed by Plaintiff by falsely stating that Defendant Midland was entitled to (a) interest accrued at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts, (b) principal which had not been correctly reduced due to misapplication of payments on the balance owed as a result of the addition of interest at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts, and (c) attorney fees not expressly authorized by the agreement creating the debt or permitted by law, Defendants Midland, MCM and Hosto falsely represented the character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

33. By filing the Civil Warrant which falsely stated that Plaintiff owed a debt in the amount of $4,479.49 while unreasonably relying on GE Money Bank or an assignee of GE Money Bank as to the amount of debt allegedly owed by Plaintiff and without reviewing a copy of the written contract signed by Plaintiff, Defendants Midland, MCM and Hosto

communicated credit information to the General Sessions Court and the general public which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

34. By attempting to collect amounts (principal, interest, and attorney fees) not expressly authorized by the agreement creating the debt or permitted by law, Defendants violated 15 U.S.C. § 1692f(1).

35. The statement in the Civil Warrant that Plaintiff owed $4,479.49 was a material misrepresentation in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants Midland, MCM and Hosto had attempted to properly calculate the amount owed prior to filing the Civil Warrant, when Defendants Midland, MCM and Hosto had intentionally made no effort to do so by making a business decision not to obtain or review a copy of the written contract signed by Plaintiff prior to filing the lawsuit, and the amount alleged as owed was not authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

### *Use of False, Deceptive and Misleading Affidavit to Collect Debt*

36. Within one year prior to the filing of this Complaint, an Affidavit filed in the General Sessions Court of Sevier County, Tennessee was caused to be served on the Plaintiff.

37. The Affidavit was a "communication" as defined by 15 U.S.C. § 1692a(2) in connection with collection of the debt.

38. An affidavit filed in support of a civil warrant on a sworn account is filed to attest to the correctness of the amount allegedly owed on the account. Tenn. Code Ann. § 24-5-107(a).

39. Defendant Rasmussen, who authored the Affidavit on April 7, 2010, swore under penalty of perjury that the following statements are true and correct to the best of her knowledge:

    (a) "I am employed as a Legal Specialist and have access to pertinent account records for Midland Credit Management, Inc. ("MCM"), servicer of this account on behalf of plaintiff."

    (b) "I . . . make the statements herein based upon personal knowledge of the recordkeeping systems maintained on [Defendant Midland's] behalf."

    (c) Defendant Midland "is the current owner of, and/or successor to, the obligation sued upon, and was assigned all the rights, title and interest to defendant's GE MONEY BANK account." (all caps in original)

    (d) "I have access to and have reviewed the records pertaining to the account and am authorized to make this affidavit on [Defendant Midland's] behalf."

    (e) "I am familiar with the manner and method by which MCM creates and maintains business records pertaining to this account. The records are kept in the regular course of business. It was in the regular course of business for a person with knowledge of the act or event recorded to make the record or data compilation, or for a person with knowledge to transmit information thereof to be included in such record. In the regular course of business, the record or compilation is made at or near the time of the act or event.

    (f) "The account shows that [Plaintiff] owe(s) a balance of $3,599.07; and [Defendant Midland] or authorized agent of [Defendant Midland] seeks interest and a reasonable attorney's fee, if applicable."

40. On information and belief, Defendant Rasmussen did not review any records of the originator of the debt to be able to determine the correct amount of debt owed by Plaintiff, if any, prior to signing the Affidavit.

41. On information and belief, Defendant Rasmussen did not have access to any of the records of the originator of the debt to be able to determine the correct amount of debt owed by Plaintiff, if any, prior to signing the Affidavit.

42. On information and belief, the only records held by Defendant Midland or Defendant MCM at the time Defendant Rasmussen signed the Affidavit were computer records which contained very limited information about Plaintiff's alleged debt.

43. On information and belief, the only records that Defendant Rasmussen reviewed prior to signing the Affidavit were the computer records of Defendant Midland or Defendant MCM.

44. On information and belief, Defendant Rasmussen's sworn statements in the Affidavit were made without any personal knowledge of any facts asserted as to the amount owed.

45. On information and belief, form affidavits, such as the one filed in the state court lawsuit, are generated automatically by a computer owned by Defendant Midland or MCM upon request and are routinely provided to Defendant Rasmussen who signs numerous affidavits each day with no personal knowledge of any facts asserted in them.

46. On information and belief, after Defendant Rasmussen places her signature on the affidavits, they are given to another agent of Defendant Midland or MCM to notarize.

47. On information and belief, Defendant Rasmussen does not personally appear before the notary and her signature on the affidavits are not witnessed by the notary.

48. On information and belief, Defendant Midland filed the state court collection lawsuit against Plaintiff in an attempt to collect the debt using a false, deceptive and misleading Affidavit as the only evidentiary basis to support its claims.

49. On information and belief, Defendants Midland and MCM did not maintain procedures reasonably adapted to avoid misrepresenting the amount allegedly owed in the Affidavit.

50. The attestations made by Defendant Rasmussen in the Affidavit regarding the debt, including, but not limited to the balance of the debt owed by Plaintiff, were material misrepresentations made without any personal knowledge as to the truth of the statements in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

51. On information and belief, Defendant Midland engages in a pattern and practice of filing lawsuits knowingly using false, deceptive, and misleading affidavits signed by persons who lack personal knowledge of the truthfulness of the matters attested to.

52. On information and belief, Defendant Midland uses virtually identical form affidavits in these lawsuits, alleging facts that are not in possession of Defendant Midland and to which its officers, employees and/or agents have no personal knowledge.

53. By filing the state court collection lawsuit against Plaintiff in an attempt to collect the debt while knowingly using the Affidavit signed by Defendant Rasmussen who lacked personal knowledge of the matters asserted to and which alleged facts not in her possession, Defendants Midland and MCM violated 15 U.S.C. § 1692e(5), and the threat

to take any action that cannot legally be taken is the use of a false, misleading and deceptive representation or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

54. By filing the state court collection lawsuit against Plaintiff in an attempt to collect the debt with the use of a false, deceptive, and misleading affidavit that represents to Plaintiff and the General Sessions Court that Defendants Midland and MCM have actual knowledge of the balance owed on the debt was a false, deceptive, or misleading representation in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants had the legal right to attempt to collect the debt and for the amount they were attempting to collect, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

55. On information and belief, Defendants Midland, MCM, and Rasmussen did not have a copy of the written contract signed by Plaintiff prior to preparing, signing and filing the Affidavit.

56. On information and belief, the amount of $3,599.77 represented in the Affidavit by Defendant Rasmussen as owed included interest accrued at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts.

57. On information and belief, the amount of $3,599.77 represented in the Affidavit by Defendant Rasmussen as owed included principal which had not been correctly reduced due to misapplication of payments to the balance owed as a result of the addition of interest at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts.

58. On information and belief, Defendant Rasmussen failed to review a copy of the written contract signed by Plaintiff prior to executing the Affidavit to determine if Defendant Midland was entitled to the debt claimed as owed in the Affidavit.

59. On information and belief, Defendants Midland or MCM did not maintain procedures reasonably adapted to avoid materially misrepresenting the amount owed in the Affidavit.

60. By materially misrepresenting in the Affidavit the amount allegedly owed by Plaintiff by falsely stating that Defendant Midland was entitled to (a) interest which exceeded the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts, and (b) principal which had not been correctly reduced due to misapplication of payments to the balance owed as a result of the addition of interest at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts, Defendants falsely represented the character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

61. By filing the Affidavit which falsely stated that Plaintiff owed $3,599.77, plus interest and attorney fees, Defendants Midland, MCM, and Rasmussen communicated credit information to the General Sessions Court and the general public which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

62. By attempting to collect amounts (principal, interest, and attorney fees) not expressly authorized by the agreement creating the debt or permitted by law, Defendants Midland, MCM, and Rasmussen violated 15 U.S.C. § 1692f(1).

63. The statement in the Affidavit that Plaintiff owed a balance of $3,599.77 was a material misrepresentation in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants had attempted to properly calculate the amount owed prior to filing the Affidavit, when Defendants had intentionally made no effort to do so by making a business decision not to obtain or review a copy of the written contract signed by Plaintiff prior to filing the Affidavit, and the amount alleged as owed was not authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

### *Summary*

64. The above-detailed conduct by Defendants in connection with collection of the debt, including, but not limited to falsely representing the character, amount, or legal status of the debt, threatening to take any action that cannot legally be taken or that is not intended to be taken, by communicating credit information which is known or which should be known to be false, using false representations or deceptive means to collect or attempt to collect the debt, and by attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### *Respondeat Superior Liability*

65. The acts and omissions of Defendants MCM and Rasmussen as agents for Defendants Midland and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Midland.

66. The acts and omissions by Defendants MCM and Rasmussen were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant Midland in collecting consumer debts.

67. By committing these acts and omissions against Plaintiff, Defendants MCM and Rasmussen were motivated to benefit their principal, Defendant Midland.

68. Defendant Midland is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Midland including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

69. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

70. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

71. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

72. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a

jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

11/19/10

Respectfully submitted,

**JOSHUA CONLEY**

_____
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiff
P. O. Box 1357
Morristown, TN 37816-1357
(423) 736-0201
info@alanlee.com

15
Case 3:10-cv-00505-TAV-HBG   Document 1   Filed 11/23/10   Page 15 of 16   PageID #: 15

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF Sevier )

Plaintiff Joshua Conley, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 11/16/10    By: _____
                      Joshua Conley

Subscribed and sworn to before me this 16th day of November 2010.

Jackie B. Bradley
Notary Public